UNITED STATES of America, Plaintiff–Appellee,

v.

**Paul ONO, Defendant–Appellant.**

UNITED STATES of America, Plaintiff–Appellee,

v.

**Benjamin LANGSHAW, Defendant–Appellant.**

Nos. 91–50718, 91–50725.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1993.

Decided July 1, 1993.

Andrew French Loomis, Oakland, CA, for defendants-appellants.

Jeffrey Eglash, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER and BRUNETTI, Circuit Judges, and KING,* District Judge.

SCHROEDER, Circuit Judge:

For the second time, Appellants Paul Ono and Benjamin Langshaw appeal their sentences imposed after being convicted for conspiracy to manufacture a controlled substance analogue and procuring the manufacture of a controlled substance analogue. In the Ono appeal we are now presented with a question left open in Ono's earlier appeal and relating to reliance on the potency of the drug for sentencing purposes. *United States v. Ono*, 918 F.2d 1462 (9th Cir.1990) (*"Ono I"*). We affirm the sentences as to both appellants.

Both convictions were based on the appellants' scheme to produce a designer drug known as OPP/PPP, which is chemically similar to heroin but more powerful. OPP/PPP is not a listed drug in the Sentencing Guidelines. The chemical analogue drug that is listed in the drug equivalency tables of the Guidelines is MPPP, although evidence in the

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

record indicates that OPP/PPP is more potent than MPPP. *Id.* at 1466.

### The Ono Appeal

We reversed Ono's original 240–month sentence because we held that the district court improperly used a multiplying factor to calculate the base offense level. *Id.* The multiplier was based on the potency of OPP/PPP in relation to MPPP. We held that the Guidelines required the district court to compare OPP/PPP to a listed drug to determine the base offense level. "By applying a multiplying factor to account for OPP/PPP's greater potency, the district court disregarded MPPP as the applicable scheduled and listed drug and considered properties of a chemical not listed in the statute, the Regulations, or the Guidelines; ... [t]his was error, as the district court's task is to compare the synthetic drug to a *listed* drug under the Guidelines for the purposes of determining a defendant's base offense level." *Ono I*, 918 F.2d at 1467 (emphasis in original).

In so holding, however, we expressly left open the question of whether the potency considerations that prompted the district court to use the multiplier could serve as the basis for an upward departure from the sentencing ranges applicable to the offense. *Id. See* U.S.S.G. § 5K2.0 (authorizing upward departures if there "exists an aggravating ... circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission.").

At resentencing, the district court did make an upward departure. It adopted the findings of the presentence report, which recommended that the base offense level should be twenty with a two level enhancement for role in the offense, and that there should be an upward departure of ten levels. The district court stated that it agreed with the reasons given in the presentence report. The justification for this departure was described by the probation officer as follows:

Rather than calculating a departure score on the basis of the chemical supposition that the substance which Ono attempted to manufacture is approximately 100 times more powerful than heroin, if one concedes that it is at least between 25 and 50 times

more powerful, then, granting its heroin equivalent ... the appropriate base level is 32.

The probation officer went on to recommend that the sentence imposed should be at the high end of the range for a base level of 32 because of the considerable scope of the conspiracy.

We review departures from the Guidelines under the three-part test articulated in *United States v. Lira–Barraza,* 941 F.2d 745 (9th Cir.1991) (en banc). First, this court must determine whether the district court had "legal authority" to depart. This determination is a question of law and is thus reviewed de novo. Second, we review for clear error the district court's factual findings supporting the circumstance identified as the basis for departure. Last, we must determine whether the extent of the departure is reasonable. *Id.* at 746–47.

The district court has legal authority to depart upward if it finds that there are aggravating circumstances not adequately considered by the Guidelines. U.S.S.G. § 5K2.0; 18 U.S.C. § 3553(b). Ono contends on appeal that potency is already considered by the Guidelines. As support for this argument, Ono points to the equivalency tables, which are used to determine the base offense level for each listed drug. This argument is meritless because the drug in this case, OPP/PPP, was not listed. Therefore, the Guidelines considered the potency only of the listed analogue drug. Clearly, the greater potency of OPP/PPP was "not adequately taken into consideration by the Sentencing Commission."

The illicit drug industry is constantly changing and experimenting to create new "designer drugs." It is impossible for the Guidelines to list or predict every potential chemical composition that yields a new drug. Appellant's argument would impose an unnecessary restriction on district courts that is not required by the Guidelines. We refuse to handcuff in this way a district court's ability to perform justice.

Our second inquiry is whether the departure is supported by the record. We believe that the district court did not clearly err by

relying on the information before it to depart upward. The district court had before it statements by expert witnesses testifying to the strength of OPP/PPP in relation to other drugs. There was also data from scientific journals indicating the extremely potent nature of OPP/PPP when compared to the analogue drugs listed in the Guidelines. Based on this information, we cannot say that the district court clearly erred by finding that OPP/PPP was extremely potent.

■ The final step in our analysis is whether the departure was reasonable. As to this final prong, we bear in mind that "[r]eversal is required only if the choice is 'unreasonable' in light of the standards and policies incorporated in the Act and the Guidelines." *Lira–Barraza,* 941 F.2d at 751. The district court should provide an explanation for the extent of departure that is "consistent with other sentences fixed by the Guidelines." *Id.* at 749. The reasonableness of this departure is fully supported by the presentence report adopted by the district court.

### *Appellant Langshaw*

■ Langshaw's original sentence of 210 months was vacated because the district court failed to address as required by Rule 32 a claim that the presentence report inaccurately included a prior conviction. That defect was cured at resentencing and Langshaw now appeals his new 180–month sentence. He argues in this appeal that the district court erred by denying his request for new counsel. We affirm Langshaw's sentence.

At trial, Langshaw was represented by Attorney Stanford who was a court-appointed attorney from the Indigent Defense Panel for the Central District of California. After conviction, Langshaw sought new counsel for his appeal. The court granted this request by appointing Attorney Loomis, an Oakland attorney who was on the Appeals Panel. After reversal of the sentence, Langshaw filed a written motion to have the court appoint Loomis to represent him at resentencing. The district court, however, appointed Stanford to represent Langshaw. The district court denied Langshaw's motion to substitute

Loomis because Loomis was not a member of the Indigent Defense Panel and because Langshaw had not shown why Loomis should be flown from Oakland to Los Angeles for resentencing proceedings at the public's expense.

At the resentencing hearing, Stanford advised the court that Langshaw again wished to request a new attorney. The court inquired as to Langshaw's reasons. Langshaw stated first that he was not satisfied with Stanford's performance at trial. Specifically, Langshaw said that Stanford should have objected to certain evidence concerning the amount of drugs involved. Second, Langshaw stated that Loomis had taken a keen interest in his case. Finally, Langshaw said that upon reviewing the trial transcript he felt that Stanford had ignored important issues. The district court again denied Langshaw's request.

■ We review a district court's denial of a motion to substitute counsel for abuse of discretion. *United States v. Schaff,* 948 F.2d 501, 503 (9th Cir.1991). Our analysis focuses on the following three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's reasons; and (3) whether there was a lack of communication between defendant and his counsel that impeded the presentation of an adequate defense. *Id.*

■ Although Langshaw's original request was timely, the other two factors weigh heavily against him. There can be no doubt that the district court conducted an adequate inquiry into Langshaw's reasons for his request. The record reveals that Langshaw was given a full opportunity to explain why he requested new counsel. Moreover, in the colloquy that took place at the resentencing hearing, Langshaw was unable to demonstrate that any prejudice had resulted from Stanford's representation. For example, although Langshaw contended that Stanford failed to object at trial to evidence relating to the quantity of drugs, Langshaw was not prejudiced because he was sentenced as a career offender, which rendered the disputed quantity of drugs in this case immaterial. Finally, Langshaw never claimed that his

communication with Stanford had broken down. Far from encountering any serious obstacle to effective representation, Langshaw merely attempted to choose the counsel of his liking. The law, however, does not permit Langshaw to obtain the appointed counsel of his choice. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624, 109 S.Ct. 2646, 2651–52, 105 L.Ed.2d 528 (1989).

Given the above, we cannot say that the district court abused its discretion by denying Langshaw's motion to substitute counsel.

### Conclusion

The sentences in both appeals are AFFIRMED.