19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
James B.A. NIVEN, Defendant-Appellant.
 No. 92-50526.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1994.
Decided Feb. 25, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges; TANNER*, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 James B.A. Niven raises five issues in this appeal: 1) he was denied counsel of his choice at the resentencing; 2) the district court failed to follow this court's directive on remand with regard to time imposed; 3) the district court failed to follow this court's directive on remand with respect to restitution; 4) he was tried in violation of the Speedy Trial Act; and 5) his due process rights were violated by the trial court's badgering of defense witnesses, curtailing cross-examination of government witnesses, and pressuring the jury to reach a verdict.
 
 A. Counsel at Resentencing
 
 4
 This court reviews the district court's denial of a motion to substitute counsel for abuse of discretion. United States v. Ono, 997 F.2d 647, 650 (9th Cir.1993), cert. denied, 114 S.Ct. 738 (1994); United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991).
 
 
 5
 A defendant's right to retained counsel of his choice is not absolute. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." Id. Therefore, the Sixth Amendment right has to be balanced against other concerns which make up the orderly and efficient administration of justice. See generally, Wheat, supra; Morris v. Slappy, 461 U.S. 1, 14-15 (1983).
 
 
 6
 In reviewing the denial of a substitution of counsel for abuse of discretion, this court examines three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's reasons; and (3) whether there was a lack of communication between defendant and his counsel that impeded the presentation of an adequate defense." Ono, 997 F.2d at 650.
 
 
 7
 The motion to substitute was timely made. It was filed thirteen (13) days before the June 1, 1992 hearing. That, however, does not end our review. We next examine the adequacy of the district court's inquiry into the reasons for the motion.
 
 
 8
 The district court received three statements regarding the defendant's reason for requesting substitution. On May 11, 1992, court-appointed counsel informed the district court that he and the defendant "were not of one mind" with respect to the case. In supplemental papers filed on May 29, 1992, the defendant submitted a declaration where he stated that he did "not have confidence" in his court-appointed counsel and had "great confidence" in his newly retained attorney. And, finally, at the hearing on June 1, 1992, court appointed counsel, in response to the district court's question, stated "your Honor, if Mr. Nevin (sic) has retained counsel, which he has, [c]ounsel is here ready to step in the case and proceed.
 
 
 9
 We afford the district court "sufficient latitude to conduct the proper inquiry under the circumstances in each case." United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990) (citing United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986)). What the district court knew here, as well as what the district court knew in McClendon, was that there was nothing more than a general lack of confidence by the defendants in their lawyers. Thus, the district court sufficiently acquainted itself with the reasons for the motion.
 
 
 10
 The third factor which this court looks to is whether there is a lack of communication which interferes with an adequate defense. Ono, 997 F.2d at 650. See also United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985) ("whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.") Here, despite defendant's assertions to the contrary, court-appointed counsel afforded the defendant more than an adequate defense. He filed a supplemental sentencing memorandum and a reply to the government's sentencing memorandum. During the August 14, 1992 hearing, he persuaded the district court that the government's position was wrong by over $128,000.00. The final restitution ordered was slightly more than half of the initial amount ordered at the first sentencing. Merely because this counsel could not convince the district court to read this court's directives in the first appeal so that it would impose a lower sentence is not evidence that the defense provided was inadequate.
 
 
 11
 Finally, this record is devoid of any evidence of the total lack of communication between the defendant and his lawyer that this court has previously found to be error. See, e.g. Walker, 915 F.2d at 485. Therefore, it does not appear that the district court abused its discretion in denying the motion to substitute counsel for the resentencing. However, although the district court did not abuse its discretion in denying the motion, it would have been the better practice to grant the motion and allow Mr. Niven to be represented by counsel that he retained. If the district court was concerned that retained counsel would not be familiar enough with the case, the district court could have merely kept appointed counsel in the case and available to both Mr. Niven and his retained counsel.
 
 B. Remand
 
 12
 The purpose of the prior remand was for the district court to resentence the defendant. This court reviews a district court's application of the Guidelines de novo and reviews the factual findings underlying the application for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 13
 In the first appeal this court was concerned that "the district court may have considered the pre-Guidelines loss incurred prior to November 1, 1987 in imposing the pre-Guidelines sentence of 5 years, yet counted that loss again in calculating the fifty-one month sentence under the Guidelines." United States v. Niven, 952 F.2d 289, 293 (9th Cir.1991). Indeed, this court held that a pre-Guidelines sentence could not be based on loss used to calculate the Guidelines sentence. Id. This court then goes on to state:
 
 
 14
 The record is unclear whether the district court prevented multiple punishment by rendering a shorter pre-Guidelines sentence than it would have otherwise, because the court foresaw that it would be taking the total amount of losses into account when sentencing as to the Guidelines counts. Hence, we remand and direct the court to make an express finding as to the sums of monies lost as a result of the offenses underlying the pre-Guidelines counts and Guidelines counts, and to calculate the Guidelines sentence solely with reference to losses not considered in imposing the pre-Guidelines sentence. Alternatively, the court may aggregate the amount of losses in calculating the offense level for the Guidelines sentence, so long as it imposes concurrent sentences for the pre-Guidelines and Guidelines offenses.
 
 
 15
 Id. at 294.
 
 
 16
 The district court clearly followed the directives of this court that it "make an express finding as to the sums of monies lost" when it allocated all the loss to the Guidelines count. The district court also stated on the record that it "prevented multiple punishment by rendering a shorter pre-Guidelines sentence than it would have otherwise" because of the sentence of only 5 years on the non-Guidelines offenses.
 
 
 17
 This court has very recently ruled that "[w]e therefore conclude, along with every other circuit that has addressed this question, that the district court had the discretion to make the defendant's Guidelines and pre-Guidelines counts consecutive." United States v. Hicks, 997 F.2d 594, 600 (9th Cir.1993). It is clear that the Guidelines allow for all of the loss in the scheme to be used to calculate the Guidelines range. See U.S.S.G. Sec. 2F1.1(b)(1)(k) and Sec. 1B1.3(a)(2). The district court did that. Then, the district court considered other factors in determining the non-Guidelines sentence. Thus, the district court "carefully fashioned a sentence" to avoid double counting. Niven, 952 F.2d at 293 n. 2. We find no error in the application of the Guidelines.
 
 C. Restitution
 
 18
 Niven challenges the restitution order as illegal under Hughey v. United States, 495 U.S. 411 (1990), and the Victim and Witness Protection Act, 18 U.S.C. Secs. 3663, 3664. This court reviews the legality of a sentence de novo. United States v. Smith, 944 U.S. 618, 621 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). Niven also challenges the procedures used to determine the amount of restitution. "We review a sentence that is within the statutory limits of the Act for abuse of discretion." Id. at 623. "Findings of fact upon which a sentence is based are reviewed under the clearly erroneous standard." Id.
 
 
 19
 The defendant's argument that the restitution ordered exceeded the actual loss is not supported by any citations to the record. In United States v. Pomazi, 851 F.2d 244, 249 (9th Cir.1988)[1] we stated restitution is not improperly imposed "so long as the defendant is given ample opportunity to contest the restitution amount...." Here the record reflects that there were briefs filed and extensive arguments made with regards to the restitution. Nothing more is required.
 
 
 20
 The defendant's position that the district court failed to consider his ability to pay restitution is not well taken. Mr. Niven went to trial and testified in his own defense. The district court had ample evidence of his ability to earn money once released and so stated in the initial sentencing. The intervening time between the first and second sentencings does not automatically change that finding, without further evidence from the defendant. The district court did not err in establishing the amount of restitution.
 
 D. Trial Errors
 
 21
 For the first time in this appeal, the defendant raises issues regarding his conviction. He argues that he was tried in violation of the Speedy Trial Act. He also argues that his due process rights were violated by the trial court's badgering of defense witnesses, curtailing cross-examination of government witnesses, and pressuring the jury to reach a verdict.
 
 
 22
 In United States v. Wright, 716 F.2d 549 (9th Cir.1983), we stated, "[w]hen a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." Wright, 716 F.2d at 550. We decline to consider the defendant's challenges to his conviction.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Hughey overruled Pomazi as to the basis for restitution, it does not limit this general statement of law