64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip J. ROBBINS, Defendant-Appellant.
 No. 94-30045.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1995.
Decided Aug. 17, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Robbins of cocaine offenses in violation of 21 U.S.C. Secs. 846, 841(a) and 841(b)(1)(B). He appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 1. Legality of the Search
 
 3
 The police may search a vehicle without first obtaining a warrant if they have probable cause to believe that it contains evidence of a crime. United States v. Hatley, 15 F.3d 856, 858 (9th Cir.1994). This exception to the warrant requirement does not apply when there is no exigency at the time of the search. Coolidge v. New Hampshire, 403 U.S. 443, 462 (1971) (plurality opinion).
 
 
 4
 While conceding that probable cause to search the car existed, Robbins cites Coolidge, arguing that a warrantless vehicle search is illegal when police have had ample opportunity to secure a warrant. The police need not, however, seek a warrant at the "first practicable moment." Cardwell v. Lewis, 417 U.S. 583, 595-96 (1974) (plurality opinion). Moreover, unlike Coolidge, this case involves exigent circumstances that made it impracticable for police to secure a warrant. The officers stopped Robbins in his car, which was carrying cocaine, as he left his residence. The court did not err in denying the suppression motion. See Hatley, 15 F.3d at 858 (lawfulness of automobile search reviewed de novo).
 
 2. Motion for Substitution of Counsel[1]
 
 5
 Robbins' substitution motion, filed on the first day of trial, was untimely. See United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992). Although the court improperly focused on counsel's competence and ability rather than on the nature and extent of any attorney-client conflict, see United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990), the record does not indicate that a lack of communication between Robbins and attorney Jones impeded the presentation of an adequate defense. At most, it shows some disagreement between Jones and Robbins as to trial strategy. Balancing the three factors, we conclude that the court did not abuse its discretion in denying Robbins's motion for substitution of counsel. See United States v. Ono, 997 F.2d 647, 650 (9th Cir.1993).
 
 3. Sentencing
 
 6
 a. Consideration of Right to Call Witnesses
 
 
 7
 At trial, Robbins called Saxton, his brother-in-law and alleged coconspirator. At sentencing, the trial court briefly questioned Robbins about why he had called Saxton as a witness. Nothing in the record suggests that the court considered this exchange in sentencing. Rather, the sentence was based on other factors. The court did not improperly consider Robbins' right to call witnesses on his own behalf. See United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.1994) (legality of sentence reviewed de novo).
 
 
 8
 b. Statement of Findings and Reasons For Life Sentence
 
 
 9
 We review de novo whether a court adequately provided the reasons for a sentence. United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990).
 
 
 10
 (1) Fed.R.Crim.P. 32(c)(3)(D)
 
 
 11
 At the time of Robbins' sentencing, Fed.R.Crim.P. 32(c)(3)(D) provided that, if a defendant alleged any factual inaccuracies in the presentence report ("PSR"), the court was required to make a written finding as to any controverted facts that might affect the sentence. Here, the court memorialized its adoption of the PSR in a written Statement of Reasons, that satisfies Fed.R.Crim.P. 32. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 12
 (2) 18 U.S.C. Sec. 3553(c)
 
 
 13
 At sentencing, a court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. Sec. 3553(c). It must make "its reasons for imposing the sentence sufficiently clear." United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990). Here, in open court, the court adopted the PSR and explained the reasons behind the sentence, making its choice of a sentence "abundantly clear." See Upshaw, 918 F.2d at 792.
 
 
 14
 c. Acceptance of Responsibility
 
 
 15
 If a defendant "clearly demonstrates acceptance of responsibility for his offense," the sentencing court must decrease the offense level by two levels. USSG Sec. 3E1.1(a) (1993). Section 3E1.1(a) does not apply to Robbins because he put the government to its burden of proof at trial by denying factual guilt. See United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir.1994); see also USSG Sec. 3E1.1(a) comment (n. 2). The court did not clearly err. See United States v. Scarano, 975 F.2d 580, 587 (9th Cir.1992).
 
 
 16
 d. Firearms Enhancement
 
 
 17
 Firearm possession during the commission of a drug offense warrants a 2-point sentence enhancement. USSG Sec. 2D1.1(b)(1) (1993). This adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. comment (n. 3). "[T]he key is whether the [firearms were] possessed during the course of criminal conduct, not whether [they were] 'present' at the site." United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991).
 
 
 18
 As is often the case in drug conspiracies, the record in this case indicates that firearms were prevalent in the cocaine operation. See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). Robbins reasonably should have foreseen that members of the conspiracy would possess guns. See USSG Sec. 1B1.1(a)(1)(B) (1991); cf. United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991). The court did not clearly err in enhancing the sentence. See United States v. Pitts, 6 F.3d 1366, 1372 (9th Cir.1993).
 
 
 19
 e. Constitutionality of Crack Offense Penalties
 
 
 20
 (1) Equal protection, due process and vagueness
 
 
 21
 We rejected an identical equal protection argument in United States v. Coleman, 24 F.3d 37, 38-39 (9th Cir.1994). As for due process, we have held the difference in sentencing to withstand rational basis scrutiny. United States v. Davis, 36 F.2d 1424, 1437 (9th Cir.1994); United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992). Finally, we have held that the term "cocaine base" is not unconstitutionally vague. Davis, 36 F.3d at 1434. Therefore, we reject Robbins' equal protection, due process and vagueness challenges.
 
 
 22
 (2) Cruel and unusual punishment
 
 
 23
 Robbins contends that the severity of the crack offense penalties compared with those in powder offenses constitutes cruel and unusual punishment. Every other circuit to have considered this argument has rejected it and found that Congress rationally decided to punish crack offenses more severely than powder offenses. See United States v. Thompson, 27 F.3d 671, 678 (D.C.Cir.1994); United States v. Frazier, 981 F.2d 92, 95-96 (3d Cir.1992); United States v. Fisher, 22 F.3d 574, 579-80 (5th Cir.1994); United States v. Avant, 907 F.2d 623, 627 (6th Cir.1990); United States v. Smith, 34 F.3d 514, 524 (7th Cir.1994); United States v. Buckner, 894 F.2d 975, 980 (8th Cir.1990). We reject Robbins' Eighth Amendment challenge.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Robbins' sole reason for requesting a continuance was to substitute counsel, we treat the denial of the motion as raising only a substitution issue