86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre MILES, Defendant-Appellant.
 No. 95-50372.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Miles appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Miles contends that the district court deprived him of a fair trial when the judge ordered the arrest of his brother in front of the jury venire for speaking to a prospective juror. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court's voir dire is reviewed for abuse of discretion, but the question of whether defendant was deprived of a fair trial is reviewed de novo. United States v. Milner, 962 F.2d 908, 911 (9th Cir.) cert. denied, 506 U.S. 1004 (1992).
 
 
 4
 A defendant can be deprived of a fair trial if a courtroom incident was so inherently prejudicial that it posed an unacceptable threat to the right to a fair trial. Holbrook v. Flynn, 475 U.S. 560, 561 (1986); Milner, 962 F.2d at 911-12. Under some circumstances, however, a trial court's curative instructions to the jury are sufficient to obviate the undue prejudice. Milner, 962 F.2d at 912; c.f. United States v. Bland, 908 F.2d 471, 473 (1990), cert. denied, 506 U.S. 858 (1992).
 
 
 5
 "[N]ot every improper ex parte contact with a juror requires a mistrial." United States v. Angulo, 4 F.3d 843, 847 (9th Cir.1993). The remedy for allegations of jury bias is a hearing, in which the trial court determines what transpired, its the impact on the jurors and whether or not it was prejudicial. Angulo, 4 F.3d at 847.
 
 
 6
 Here, during the voir dire process of Miles' trial, prospective Juror Number 13 disclosed to the court that he had a brief conversation with Miles' brother in the courthouse during the lunchbreak. The juror stated that the conversation was only about sports and "general events," and that the juror did not feel that the contact with the brother would influence his deliberations one way or another. When the juror identified Miles' brother in the courtroom, the trial judge ordered the brother arrested and escorted outside. The trial judge later admonished the jury not to hold the incident against Miles.[1]
 
 
 7
 During a recess in voir dire, the trial judged held a hearing in chambers regarding the incident. Juror Number 13 described his conversation with Miles' brother as a very brief exchange, in which he learned that the brother was present at the trial only to provide family support. Juror Number 13 stated that he did not feel that the brother attempted to influence him as a juror.
 
 
 8
 Upon resuming jury selection, the trial court judge gave a second curative instruction to the jury panel:
 
 
 9
 "... I've looked into the matter of defendant's brother talking to the juror and I've satisfied myself that it wasn't quite as bad as I feared it was, so I have released (defendant's brother) and instructed him not to talk to members of the jury. And I again ask counsel to make sure that their witnesses and family members and so forth have no contact whatever with members of the jury panel, and jury panel of course make sure that you have no contact with anyone who may get you in conversations. Just an a example how easy it can happen, you start talking with somebody and it turns out to be somebody that can create a problem in the case. All that being done, I'm going to instruct you to disregard it. Doesn't look like it has anything to do with the case or anything to do with the defendant. And above all, don't hold it against the defendant, because unwise as his brother was, it wasn't his fault. So those are my instructions." (GR 84-85)
 
 
 10
 Miles did not object to this instruction, nor did he request that any additional language be included in the court's admonition to the jury. Every juror stated that he or she could be fair to both sides and no prospective juror stated that the incident had affected his or her ability to judge the case fairly. Juror Number 13 was seated on the jury and was not subject by either party to any challenge for cause or peremptory challenge.
 
 
 11
 Miles contends that his brother's arrest before the jury panel was so inherently prejudicial that it deprived him of a fair trial. This claim lacks merit because even if the brother's arrest created an unacceptable threat to Miles' fair trial, the trial judge's instructions to the jury that they should not hold the incident against Miles, and that Miles had nothing to do with his brother's conduct obviated any undue prejudice. See Milner, 962 F.2d at 912; c.f. Bland, 908 F.2d at 473. Moreover, Miles did not object to the court's curative instructions, nor did he request that additional language be included in the court's admonition to the jury.
 
 
 12
 Secondly, the juror's ex parte contact with Miles' brother did not warrant a mistrial because the court held a hearing and determined that the contact was not prejudicial and that it did not have an adverse impact on the jurors. See Angulo, 4 F.3d at 847. Miles contends that the trial court erred by failing to ask each juror specifically if the arrest Miles' brother would prejudice him or her. This argument fails because the record shows that every prospective juror stated that he or she could be fair to both sides and none stated that the incident had affected his or her ability to judge the case fairly. See id. Therefore, Miles was not deprived of a fair trial. See Milner, 962 F.2d at 911.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's April 15, 1996 letter motion requesting oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "I want to admonish you that the incident of the defendant's brother talking to a member of the jury panel should not be held against the defendant. There is no evidence that he told his brother to get friendly with any member of the jury and start talking to the jury, so don't hold it against the defendant. That's a matter that I'll take up with that individual individually
 I want to further caution you not to discuss this matter any further. Don't chat this matter up between yourselves." (GER 69).