103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Masaru ONO, Defendant-Appellant.
 No. 95-56178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Masaru Ono, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Ono was convicted of numerous offenses stemming from his participation in the manufacture of a synthetic heroin analogue, OPP/PPP. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 * Legality of Tape Recordings
 
 
 4
 Ono contends that tape recordings admitted at trial should have been suppressed because the wiretap violates Canadian law. We need not decide the legality of the wiretap under Canadian law because the United States authorities in this case reasonably relied on the representations of the Royal Canadian Mounted Police that the wiretap was legal. See United States v. Barona, 56 F.3d 1087, 1091-93 (9th Cir.1995) (holding that the good faith exception to the exclusionary doctrine applies when United States authorities reasonably rely on representations concerning foreign law). To the extent that Ono is claiming that these tape recordings violated the Fourth Amendment, a federal court may not grant relief under section 2255 on the basis that evidence was obtained in an unconstitutional search or seizure if the defendant was provided a full and fair opportunity to litigate his Fourth Amendment claim. Tisnado v. United States, 547 F.2d 452, 456 (9th Cir.1976); see also United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981); cf. Stone v. Powell, 428 U.S. 465, 494 (1976) (discussing bar with regard to 28 U.S.C. § 2254 petitions).[1] Ono's claim that government authorities violated his constitutional rights by improperly seizing property from his apartment is likewise barred. See Tisnado, 547 F.2d at 456.
 
 II
 Forfeiture
 
 5
 We also reject Ono's claims concerning the forfeiture of $246,704 ("the currency"). First, Ono's counsel was not ineffective for failing to argue that the seized currency should have been returned to pay for Ono's counsel. The United States Supreme Court has held that a defendant's Fifth and Sixth Amendment rights are not violated by a pretrial seizure of forfeitable assets. United States v. Unimex, Inc., 991 F.2d 546, 550 (9th Cir.1993). Nor was counsel ineffective for failing to assist Ono in his civil forfeiture case. See United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir.1996) (holding that there is no right to counsel in a civil case, including a civil forfeiture case). In addition, forfeiture of the currency was not an excessive fine: a jury found that the currency either constituted or was derived from Ono's illegal activities, and because the currency was illegally obtained, the worth of the property was "proportional" to the crime. See United States v. Real Property Located in El Dorado County, 59 F.3d 974, 982 (9th Cir.1995) (holding that excessiveness determination requires inquiry into whether property was "instrumentality" of the crime and whether worth of the property was "proportional").
 
 
 6
 Ono's contention that his conviction violates double jeopardy is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).[2]
 
 III
 Excessive Fine
 
 7
 Ono contends that his sentence, specifically a $250,000 fine, is unconstitutional. We disagree. First, the Sentencing Guidelines allowed for a fine of up to $2,000,000 for counts one and two and $250,000 for counts three through five. Thus, Ono's fine of $250,000 was well below the statutory maximum. In addition, the fine does not offend that Excessive Fines Clause of the Eighth Amendment. See Alexander v. United States, 509 U.S. 544, 558 (1993) (noting that the Eighth Amendment prohibits fines which are "grossly disproportionate" to the crime committed).
 
 IV
 Other Claims
 
 8
 This court has already rejected Ono's argument that his sentence should not have been enhanced based on the purity of the analog which he manufactured in his direct appeal. See United States v. Ono, 997 F.2d 647, 649 (9th Cir.1993). Accordingly, we will not review that claim in this appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); see also Egger v. United States, 509 F.2d 745, 748 (9th Cir.1975). In addition, the district court's reliance on the presentence report Ono was proper. United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993) (holding that a sentencing judge may consider a wide variety of information which would not be considered admissible at trial including hearsay evidence). Finally, we reject Ono's contention that he was the victim of outrageous government conduct because he has not shown that the government engineered and directed the criminal enterprise from start to finish or that the government's conduct was otherwise "repugnant to the American system of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).[3]
 
 V
 Ineffective Assistance of Counsel
 
 9
 Finally, Ono's contention that his counsel was ineffective for failing to raise the above issues, lacks merit. Given our disposition of these contentions, Ono cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ono did move to suppress evidence discovered during a search of his residence but on the basis that officers violated the "knock and announce" requirement
 
 
 [2]
 It is unclear whether the currency was civilly forfeited or criminal forfeited during Ono's trial. If the currency was criminally forfeited during the criminal trial, pursuant to Ono's criminal indictment, it is part of the same proceeding, and thus cannot form the basis of a double jeopardy claim. See United States v. Petty, 80 F.3d 1384, 1387 n. 1 (9th Cir.1996)
 
 
 [3]
 To the extent that Ono contends that the substance he manufactured is not an analogue, and thus his conduct was not illegal, we have already upheld Ono's conviction under 21 U.S.C. §§ 813, 841(a)(1), noting that "Ono's conduct was made illegal, and he was indicted and convicted by virtue of the fact that OPP/PPP is a chemical analogue drug of MPPP." United States v. Ono, 918 F.2d 1462, 1467 (9th Cir.1990)