107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre MILES, Defendant-Appellant.
 No. 95-50372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 27, 1997.
 
 1
 Before: FARRIS, BEEZER and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendant was convicted under the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1). Because the parties are familiar with the facts and proceedings, we recite them only as necessary to an understanding of our disposition. We address each of defendant's contentions, in turn.
 
 1. Constitutionality
 
 4
 Defendant contends that the statute under which he was convicted, § 922(g)(1), is unconstitutional under the Commerce Clause, in light of United States v. Lopez, 115 S.Ct. 1624 (1995). We have, however, held otherwise. United States v. Polanco, 93 F.3d 555, 563 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996); United States v. Hanna, 55 F.3d 1456, 1462 n. 2 (9th Cir.1995). We therefore reject this contention.
 
 2. Speedy Trial Claims
 
 5
 Defendant raises a number of speedy trial claims. However, because he raises each of them for the first time on appeal, we will not consider them. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992). Although there are exceptions to this general rule, id., none applies here.
 
 3. Substitute Counsel
 
 6
 Defendant contends that the district court erred in denying his post-trial motion to substitute counsel. We review this ruling for abuse of discretion. United States v. Ono, 997 F.2d 647, 650 (9th Cir.1993). The claimed error is the court's not holding an evidentiary hearing before ruling on the motion. However, even assuming the motion's allegations to be true, the facts alleged did not provide a sufficient basis to establish that a breakdown in communication had occurred between defendant and his counsel which would impede the presentation of an adequate defense at sentencing, the only proceeding which remained in the district court. Under these circumstances, the district court did not abuse its discretion in denying the motion. Id. at 650-51.
 
 4. Juror Issues
 
 7
 Defendant contends that he was deprived of a fair trial when his brother was arrested in the presence of the jury venire. He also contends that the court's instruction regarding that incident was insufficient to cure the prejudice arising from it. These issues have previously been presented to and ruled on by this court. United States v. Miles, 86 F.3d 1164 (Table), 1996 WL 285705 (9th Cir.1996).[1] Although we vacated that decision, on defendant's motion, to permit further briefing on other issues, we have been given no reason to reconsider that analysis. We therefore now adopt it as our decision on these issues. As we stated there, defendant's arguments fail because:
 
 
 8
 the record shows that every prospective juror stated that he or she could be fair to both sides and none stated that the incident had affected his or her ability to judge the case fairly. Therefore, Miles was not deprived of a fair trial.
 
 
 9
 Id. at *(citations omitted).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because that Memorandum disposition was filed in this very case, our consideration of it is akin to "law of the case;" thus, this citation of our prior decision comes within Rule 36-3's exception