133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael FISHER, aka Lil Nut, Defendant-Appellant.
 No. 96-50629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Fisher appeals his conviction, following a jury trial, of conspiracy to interfere and interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act"), and aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c). Fisher contends that the government failed to establish the interstate commerce element for his Hobbs Act convictions and that the district court erred in denying his motion to substitute counsel. We have jurisdiction pursuant, to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A. Hobbs Act Convictions;
 
 
 4
 We must reverse Fisher's convictions if viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found a sufficient nexus between Fisher's acts and interstate commerce. See United States v. Atcheson, 94 F.3d 1237, 1241 (9th Cir.1996), cert. denied, 117 S.Ct. 1096 (1997). In order to support the Hobbs Act violations, the government need only prove that Fisher's acts had a de minimis effect on interstate commerce. See id. Fisher's contention that following the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), the government must show that Fisher's act had a substantial effect on interstate commerce is foreclosed by United States v. Woodruff, 122 F.3d 1185, 1186 (9th Cir1997).
 
 
 5
 The evidence shows that Fisher's acts had a de minimis effect on interstate commerce. The government presented evidence showing that the two stores Fisher robbed or attempted to rob purchased merchandise from out-of-state vendors. Fisher's robbery or attempted robbery of the money generated by the sale of this merchandise created a sufficient potential impact on interstate commerce to support his convictions under the Hobbs Act. See Atcheson, 94 F.3d at 1243 (explaining that a de minimis effect on interstate commerce is shown by proof of a probable or potential impact).
 
 B. Motion to Substitute Counsel
 
 6
 We review for abuse of discretion the district court's denial of a motion to substitute counsel. See United States v. Ono, 997 F.2d 647, 650 (9th Cir.1993). Our inquiry focuses on the timeliness of the motion, the adequacy of the court's inquiry into the defendant's reasons, and whether there was a lack of communication between the defendant and his counsel that impeded the defense. See id.
 
 
 7
 Here, Fisher made three timely motions for substitution of counsel. For each motion the district court heard from Fisher what his specific concerns were. Fisher voiced concern over his counsel's tactical choices, including counsel's initial recommendation that Fisher plead guilty, and counsel's delay in filing a motion challenging the court's jurisdiction under the Hobbs Act. The district court denied Fisher's motions. See United States v. Schaff, 948 F.2d 501, 504 (9th Cir.1991) (stating that a pessimistic prognosis by counsel is not ground for change of counsel). Although Fisher's repeated motions show that he was not content with his counsel, he failed to show that there was a breakdown in communication which impeded his defense. See Ono, 997 F.2d at 651 (stating that the law does not permit defendant to obtain appointed counsel of his choice). Accordingly, the court did not abuse its discretion in denying the motion for substitute counsel.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3