**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eduardo VALERDI–MELGAREJO, Defendant–Appellant.**

No. 99–50405.

D.C. No. CR–98–00149–AHS–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided March 30, 2001.

Before TROTT, THOMAS and BERZON, Circuit Judges.

### MEMORANDUM [1]

Eduardo Valerdi–Melgarejo appeals the judgment and sentence entered against

him pursuant to 8 U.S.C. § 1326 for illegal reentry after deportation. Because the parties are familiar with the history of this case, we will not recount it here.

## I

We review for an abuse of discretion the district court's denial of a request for substitute counsel. *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000). In reviewing the district court's exercise of discretion, three factors are considered: (1) the timeliness of the motion and the extent of resulting inconvenience or delay; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense. *Id.*

Valerdi–Melgarejo's motion, made two weeks before trial, was timely given the circumstances. *See United States v. Moore,* 159 F.3d 1154, 1161 (9th Cir.1998) (two weeks not the "eve" of trial," and motion was timely). The district court made an adequate inquiry by allowing the defendant "to list all concerns which he had about his counsel." *United States v. Castro,* 972 F.2d 1107, 1110 (9th Cir.1992).

■ The record shows there was a conflict, if not a complete breakdown in communications between Valerdi–Melgarejo and his counsel. Despite the communication difficulties, we conclude that the district court did not abuse its discretion in denying the substitution motion. The district court concluded that the defendant's refusal to communicate with his assigned counsel was based on personal distrust arising from an early misunderstanding concerning logistics, and that counsel tried several times to meet with the defendant and was rebuffed. In fact, defense counsel's supervisor also unsuccessfully attempted to meet with the defendant. The defendant never made any effort whatever to establish a representational relationship with counsel. A unilateral refusal by the defendant to communicate with counsel may justify denying a request to substitute counsel, for example, where the defendant's refusal is "frivolous or manipulative," or arises out of "general unreasonableness or manufactured discontent." *United States v. Walker,* 915 F.2d 480, 484 (9th Cir.1990), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000); *see also United States v. Roston,* 986 F.2d 1287, 1292 (9th Cir. 1993). Moreover, as we have observed, "there is no sixth amendment right to a 'meaningful relationship' between an accused and counsel," *United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991) (citation omitted), or to the counsel of his choice, *United States v. Ono,* 997 F.2d 647, 651 (9th Cir.1993). On these facts, the district court was entitled to determine that Valerdi–Melgarejo's reasons for declining to communicate with counsel were frivolous and unreasonable. *Cf. Roston,* 986 F.2d at 1292–93 (finding that "any breakdown between Roston and his ... counsel was entirely Roston's fault"). Thus, the district court did not abuse its discretion in denying the motion for substitution.

## II

■ The denial of Valerdi–Melgarejo's motion for substitution did not render his plea involuntary. "A guilty plea is 'involuntary' if it is the product of threats, improper promises, or other forms of wrongful coercion ...." *United States v. Hernandez,* 203 F.3d 614, 619 (9th Cir. 2000). In this case, Valerdi–Melgarejo was not forced to choose between pleading guilty and submitting to a trial with an unconstitutional structure. Rather, the choice was between pleading guilty

and going to trial with an attorney not of his choice. But that is not an unconstitutional situation. *See Morris v. Slappy,* 461 U.S. 1, 3–4, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

The voluntariness of his plea is underscored by the nature of the plea proceedings. The district court conducted an extensive colloquy that met the requirements of Rule 11. *See* FED. R. CRIM. P. 11. The judge informed Valerdi–Melgarejo of his rights and his waiver of these rights; of the charge brought against him and the elements thereof; the minimum and maximum sentences that could be applied to him; and the right to counsel at trial. Valerdi–Melgarejo has offered no substantial evidence of ignorance, fear, coercion, or Rule 11 violations. *Compare, e.g., United States v. Rubalcaba,* 811 F.2d 491, 493–94 (9th Cir.1987).

AFFIRMED.

1. This disposition is not appropriate for publication and may not be cited to or by the