**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**James Virl SMITH, Jr., aka Matthew
Ray Steffans, Defendant–
Appellee.**

**No. 00–10412.
D.C. No. CV–99–00022–RGS.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2001.*

Decided June 14, 2001.

---

Before GOODWIN, GRABER, and
MCKEOWN, Circuit Judges.

MEMORANDUM **

James Virl Smith appeals his conviction for violating 21 U.S.C. § 841(a)(1) and assigns error to the district court's denial of his motion to substitute counsel and the denial of his request for a continuance of trial due to the government's late disclosure of surveillance photographs. We

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have jurisdiction under 28 U.S.C. § 1291 and affirm.

 We first conclude that, under the factors set out in *United States v. Ono*, 997 F.2d 647, 650 (9th Cir.1993), the district court did not abuse its discretion in denying Smith's motion to substitute counsel. Smith's motion was untimely because it was made on the first day of trial and would have required yet another continuance. The district court sufficiently questioned Smith and his attorney about the nature of Smith's complaint; the inquiry provided a sufficient basis for reaching an informed decision concerning the substitution motion. Finally, although there may have been a personality conflict, Smith and his attorney did not suffer a total breakdown in communication that prevented the presentation of an adequate defense.

 We next consider Smith's claim that he was denied the right to a fair trial because the district court should have continued the trial or precluded the government from using the surveillance photographs under Federal Rule of Criminal Procedure 16(d)(2). District courts have broad discretion concerning the remedy to be imposed for a violation of Rule 16. *See United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir.1993).

Assuming without deciding that the government's late disclosure of the surveillance photographs violated Rule 16, Smith has failed to establish that the district court's denial of the continuance prejudiced his defense in any manner. We also conclude that any potential Rule 16 violation was appropriately remedied by allowing Smith's counsel to depose the undercover agent before he·testified about the surveillance photographs. *See United*

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

*States v. Woodley*, 9 F.3d 774, 777 (9th Cir.1993). And, although the district court indicated that it would entertain further argument on the continuance if more time was necessary for preparation, Smith's counsel did not request additional time. In the circumstances, the district court did not abuse its discretion in denying the continuance or permitting the use of the photographs.

AFFIRMED.