No. 99–50075.

D.C. No. CR–97–01057–R.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 23, 2001.

UNITED STATES of America,

Plaintiff–Appellee,

v.

Kevin GLEASON, Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Kevin Gleason appeals his conviction for aiding and abetting the distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and the district court's denial of his motions for withdrawal of his guilty plea and substitution of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Gleason contends that his guilty plea conviction is invalid because the district court violated Federal Rule of Criminal Procedure 11 by failing to: (1) explain the nature of the charge to which Gleason was pleading guilty, *see* Fed.R.Crim.P. 11(c)(1); (2) insure the voluntary nature of the guilty plea, *see* Fed.R.Crim.P. 11(d); and (3) establish an adequate factual basis for the plea, *see* Fed.R.Crim.P. 11(f). The record shows, however, that these requirements were satisfied. *See United States v. Rivera–Ramirez,* 715 F.2d 453, 457 (9th Cir.1983) (stating that in explaining the nature of the charges, "information provided the defendant is sufficient if it provides him 'an understanding of the law in relation to the facts' and thus permits a voluntary plea") (quoting *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)); *United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987) (noting that "[s]olemn declarations in open court carry a strong presumption of verity" in rejecting later claim of involuntariness of guilty plea) (quotation omitted); *United States v. Timbana,* 222 F.3d 688, 703 (9th Cir.) (concluding that adequate factual basis existed where defendant agreed in open court with description of his actions which satisfied the elements of the offense), *cert. denied,* 531 U.S. 1028, 121 S.Ct. 604, 148 L.Ed.2d 516 (2000).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Gleason also contends the district court erred by denying his motions for withdrawal of his guilty plea and substitution of counsel without conducting evidentiary hearings. We review for abuse of discretion both the district court's denial of such motions, *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995) (withdrawal of guilty plea); *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000) (substitution of counsel), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469, and its decision not to hold an evidentiary hearing, *United States v. Smith,* 155 F.3d 1051, 1063 n. 18 (9th Cir.1998).

The district court did not abuse its discretion by denying Gleason's motions. Gleason's post hoc statements concerning his counsel's alleged misrepresentations do not belie his statements made under oath at the change of plea hearing establishing that he was satisfied with counsel, that no promises had been made that he would receive a particular sentence, and that he was pleading guilty knowingly and voluntarily. *See Rubalcaba, supra,* 811 F.2d at 494. Gleason, therefore, has failed to show a "fair and just" reason for withdrawal of his guilty plea. *See id.* at 493 (stating that withdrawal of guilty plea is appropriate where the plea is "shown to have been unfairly obtained or given through ignorance, fear or inadvertence") (quoting *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). In addition, new counsel was not required where Gleason presented no evidence that he and his attorney suffered from a lack of communication that impeded the presentation of an adequate defense. *See United States v. Ono,* 997 F.2d 647, 650 (9th Cir.1993).

Finally, evidentiary hearings on the motions were unnecessary where, even had Gleason requested such hearings, testimony from live witnesses would have been largely cumulative of evidence that the court had already received. *See Smith,* 155 F.3d at 1063 n. 18. The district court therefore did not abuse its discretion in denying Gleason's motions without holding an evidentiary hearing.[1]

AFFIRMED.

---

1. To the extent Gleason raises a free-standing claim of ineffective assistance of counsel in this appeal, we decline to consider his claim. *See United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will

not review challenges to the effectiveness of defense counsel on direct appeal.").

