**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John SARDONE, Defendant–Appellant.**

**No. 95–50303.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1996.

Decided Aug. 30, 1996.

Steven F. Hubachek, Cohen & Hubachek, San Diego, California, for defendant-appellant.

John A. Houston, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We are asked to decide whether there is any viable double jeopardy defense based on a prior civil forfeiture of property representing the proceeds of drug transactions.

## I

In May 1993, a secret indictment was returned against appellant John Sardone charging him with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. A search warrant was executed on Sardone's home, and he was arrested. During the search, law enforcement officers seized a 1989 Ford F150 truck, a 1991 Suzuki Intruder motorcycle, and $5,000 in cash.

In separate form letters dated June 7, 1993, Sardone was notified that each vehicle was seized "for forfeiture under [21 U.S.C. § 881], because it was used or acquired as a result of a drug-related offense." Sardone received a third similar letter as to the cash. Sardone was later sent two documents, each entitled "Notice of Seizure of a Conveyance for a Drug–Related Offense," notifying him more specifically that each vehicle had been seized because "[i]t was acquired with the proceeds of illegal drug trafficking in violation of [21 U.S.C. § 881(a)(6)]...."[1] The letters notified Sardone that administrative forfeiture proceedings were "under way," and informed him that he could contest the

forfeitures in a judicial proceeding "[u]pon the filing of a claim and the posting of a cost bond...."

Sardone concedes that he never filed a claim and cost bond. However, he filed an affidavit in the district court, which the government has not contested, in which he stated that he received the seizure notices in prison and asked his attorney Michael Stein to contest the seizures, but that Stein "did nothing to help." Sardone then fired Stein and retained a new attorney, Andre Zeehandelaar, who also allegedly failed to carry out Sardone's instructions. With the help of friends, Sardone eventually filed two petitions for remission or mitigation of the forfeitures in July 1993.

On August 6, 1993, the DEA administratively forfeited the cash on the stated grounds that "no claims have been filed for the property...." Similar declarations of forfeiture were subsequently entered as to both vehicles. In August 1993, the DEA also denied the petitions for remission or mitigation.

Meanwhile, a first superseding indictment was handed down charging Sardone with fourteen offenses, including numerous drug trafficking offenses and one count of witness retaliation. In October 1993, a second superseding indictment was returned which charged substantially the same offenses as did the first superceding indictment. In addition, in December 1993, an indictment in a separate case was returned, charging Sardone with additional drug offenses. The two indictments were then consolidated for trial.

In March 1994, Sardone pleaded guilty to Counts Six and Ten of the October 1993 indictment.[2] In exchange, the government agreed to drop all other charges. In spite of his guilty plea, Sardone subsequently moved, prior to sentencing, to dismiss the indictments on double jeopardy grounds based on the prior civil forfeiture. The district court ordered briefing, heard oral argument, and

---

1. It is clear from the DEA's letter of August 15, 1993, which stated that the cash was seized because it was "proceeds of drug transactions," and from the DEA Form 453 prepared in connection with the forfeiture of Sardone's cash, that the cash was also seized pursuant to section 881(a)(6).

2. Count Six charged Sardone with knowingly manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Ten charged Sardone with knowingly possessing a listed chemical, with the belief that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(d)(2), 802(33) and 802(34)(X).

denied Sardone's motion on the ground that the forfeitures were not necessarily based on the same offenses as were charged in Counts Six and Ten (the charges to which Sardone pleaded guilty). Sardone timely appealed.

## II

■ Sardone's double jeopardy claim is foreclosed by a recently decided Supreme Court case. After Sardone's appeal was submitted in this court, the Supreme Court handed down its opinion in *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In *Ursery*, the Supreme Court reversed our decision in *United States v. $405,089.23 in U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *amended upon denial of reh'g en banc*, 56 F.3d 41 (9th Cir.1995), *cert. granted by United States v. Ursery*, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996) (hereinafter "*$405*"), and held that "civil forfeitures generally ... do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *Ursery*, —— U.S. at ——, 116 S.Ct. at 2138.

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. As noted in *Ursery*, the clause prevents, *inter alia*, multiple punishments for the same offense. *Ursery*, —— U.S. at ——, 116 S.Ct. at 2140; *see also United States v. Sanchez–Cobarruvias*, 65 F.3d 781, 783 (9th Cir.1995) (citation omitted), *cert. denied*, —— U.S. ——, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996). In analyzing whether civil forfeitures might constitute "punishment" for purposes of the Double Jeopardy Clause, the Court in *Ursery* first noted that its prior cases had adhered to a "remarkably consistent theme," and had all concluded that "in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." *Ursery*, —— U.S. at ——, 116 S.Ct. at 2142. After stating this general principle, the Court more specifically explained that the appropriate test which must be applied when determining whether forfeiture proceedings constitute "punishment" for double jeopardy purposes is the two-part test outlined in *United States v. One Assortment of 89 Fire-*

*arms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984):

First, we ask whether Congress intended proceedings under 21 U.S.C. § 881, and 18 U.S.C. § 981, to be criminal or civil. Second, we turn to consider whether the proceedings are so punitive in fact as to "persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature," despite Congress' intent.

*Ursery*, —— U.S. at ——, 116 S.Ct. at 2147 (citing *89 Firearms*, 465 U.S. at 366, 104 S.Ct. at 1107).

Applying the first prong of this test, the Court concluded that "[t]here is little doubt that Congress intended [forfeitures under 21 U.S.C. § 881 and 18 U.S.C. § 981] to be civil proceedings." *Id.* The Court noted that Congress specified that the forfeiture procedures outlined in the customs laws should be applied to forfeitures under these statutes. Because such forfeitures are conducted in rem, and because "actions in rem have traditionally been viewed as civil proceedings," *id.* (quoting *89 Firearms*, 465 U.S. at 363, 104 S.Ct. at 1105), the Court concluded that "[b]y creating such distinctly civil procedures for forfeitures under [§§ 881 and 981], Congress has 'indicate[d] clearly that it intended a civil, not a criminal sanction.'" *Id.* (quoting *89 Firearms*, 465 U.S. at 363, 104 S.Ct. at 1105).

In a footnote, the Court then clarified how the second part of the *89 Firearms* test should be conducted. Noting that "[w]e do not hold that in rem civil forfeiture is per se exempt from the scope of the Double Jeopardy Clause," *id.* at —— n. 3, 116 S.Ct. at 2148 n. 3, the Court stated that the fact "[t]hat a forfeiture is designated as civil by Congress and proceeds in rem establishes a presumption that it is not subject to double jeopardy." *Id.* The Court explained that:

Nevertheless, where the "clearest proof" indicates that an in rem civil forfeiture is "so punitive either in purpose or effect" as to be equivalent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause.

*Id.* (quoting *89 Firearms*, 465 U.S. at 365, 104 S.Ct. at 1106). Applying this standard, the Court then concluded that

there is little evidence, much less the "clearest proof" that we require, suggest-

ing that forfeiture proceedings under 21 U.S.C. §§ 881(a)(6) and (a)(7) and [18] U.S.C. § 981(a)(1)(A), are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary. *Id.* at ——, 116 S.Ct. at 2148 (citations omitted).

We note that in applying the second part of the *89 Firearms* test, the Court did not look to the specific facts underlying the individual forfeitures. Instead, the Court looked to the statutes on which the forfeitures were based to determine if proceedings under those statutes are generally considered criminal. The Court's decision to do so was consistent with its statement that "the case-by-case balancing test set forth in [*United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)], in which a court must compare the harm suffered by the Government against the size of the penalty imposed, is inapplicable to civil forfeiture." *Ursery*, —— U.S. at ——, 116 S.Ct. at 2145. The Court emphasized the same point by suggesting that the relevant question which courts should ask is "whether a *statute* is punitive under the Double Jeopardy Clause." *Id.* at ——, 116 S.Ct. at 2149 (emphasis added). Applying that analysis, the Court concluded that civil in rem forfeitures pursuant to 21 U.S.C. § 881(a)(6) do not constitute punishment for purposes of the Double Jeopardy Clause. Because Sardone's property was forfeited pursuant to this section, his double jeopardy claim necessarily fails.[3]

### III

Before *Ursery* was handed down, the government urged us to decide this case by applying our pre-*Ursery* decisions in *United States v. Cretacci*, 62 F.3d 307 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2528, 135 L.Ed.2d 1052 (1996), and *United States v. Castro*, 78 F.3d 453, 455 (9th Cir.1996). In light of *Ursery*, we need not consider the application of *Cretacci* and *Castro* to this appeal.

### IV

 Finally, we note that during oral argument Sardone's counsel urged that Sar-

done had an ineffective assistance of counsel claim on these facts. We reject this contention.

 As an initial matter, it is well-established that there is generally no constitutional right to counsel in civil cases. *See, e.g., Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1792, 131 L.Ed.2d 721 (1995); *Friedman v. State of Arizona*, 912 F.2d 328, 333 (9th Cir.1990), *cert. denied by Naftel v. Arizona*, 498 U.S. 1100, 111 S.Ct. 996, 112 L.Ed.2d 1079 (1991); *Hernandez v. Whiting*, 881 F.2d 768, 770–71 (9th Cir.1989). In addition, this court has specifically held that the Sixth Amendment right to counsel does not apply to civil forfeitures under 21 U.S.C. § 881(a)(6). *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.1995). Accordingly, Sardone had no constitutional right to effective assistance of counsel in the prior civil forfeiture.

More importantly, the quality of counsel's performance during the prior civil forfeiture is irrelevant in the present criminal case, and could not form the basis for a habeas corpus claim. In addition, even assuming that Sardone's prior counsels' performance in the civil forfeiture was somehow relevant to the criminal proceeding, Sardone could not, in light of *Ursery*, establish prejudice under *Strickland v. Washington*, 466 U.S. 668, 686–90, 104 S.Ct. 2052, 2063–66, 80 L.Ed.2d 674 (1984). Accordingly, we reject counsel's contention that Sardone could obtain reversal based on ineffective assistance of counsel in the prior civil forfeiture.

### V

For the foregoing reasons, we affirm the district court's denial of Sardone's motion to dismiss the indictment.

**AFFIRMED.**

---

**3.** Because of our holding on this issue, we need not address Sardone's argument on the "same

offense" issue.