107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee-Cross-Appellant,
v.
Tan VOMINH, Defendant-Appellant-Cross-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas G. SHERRETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee-Cross-Appellant,
v.
Thanh Hai VOMINH, Defendant-Appellant-Cross-Appellee.
 Nos. 95-30057, 95-30087, 95-30059, 95-30060 and 95-30084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 7, 1996.
 
 Appeals from the United States District Court for the District of Oregon, Nos. CR-92-00298-REJ, CR-92-00298-JAR; Robert E. Jones, District Judge, Presiding.
 D.Or., 877 F.Supp. 519.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court found that some counts of a drug conspiracy indictment had to be dismissed because of previous civil forfeitures of the defendants' property. Defendants argue that under the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996), they are entitled to a remand to determine whether the applicable forfeiture statute as applied is so punitive as to render it criminal. They are not.
 
 
 3
 In United States v. Sardone, 1996 WL 492690, No. 95-50303 (9th Cir. Aug. 30, 1996), we explained that Ursery requires us to look at the statute to determine if it is punitive, not at the underlying facts of the proceeding. Sardone, 1996 WL 492690 at * 3. The defendants' property was seized under 21 U.S.C. § 881(a)(6). In Ursery, the Supreme Court determined that 21 U.S.C. § 881(a)(6) is not criminal or punitive, so it cannot serve as the basis for a violation of the Double Jeopardy Clause. See Ursery, 116 S.Ct. at 2148. The dismissal on double jeopardy grounds must be reversed. For the same reason, we affirm the district court's decision to allow certain counts of the indictment to proceed.
 
 
 4
 In light of Ursery, the district court's decision to allow the money laundering and structuring counts is AFFIRMED. The district court's decision to dismiss the conspiracy, importation, and distribution counts is REVERSED and REMANDED to the district court for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3