103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HARRIG, Defendant-Appellant.
 No. 96-55332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Robert Michael Harrig appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence under the Sentencing Guidelines for narcotics and firearms violations. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 Harrig first claims that his conviction is barred as double jeopardy arising from the prior administrative forfeiture of his assets. This claim is precluded by the United States Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996). See United States v. Sardone, 94 F.3d 1233 (9th Cir.1996).
 
 
 4
 Harrig's remaining contention is that he received ineffective assistance of counsel when his counsel in his first habeas petition failed to raise the issue of his trial counsel's failure to challenge the government's categorization of the drugs attributed to him as being d-methamphetamine rather than l-methamphetamine. To establish ineffective assistance of counsel, Harrig must show that his counsel's performance fell below "an objective standard of reasonableness," and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See United States v. McMullen, No. 95-36031, slip op. 14007 (9th Cir. October 23, 1996), citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
 
 
 5
 Here, the government submitted declarations that lab tests indicated the narcotics involved in Harrig's offense were d-methamphetamine. We agree with the district court's finding that the government has shown that d-methamphetamine was involved, and that even if his attorney had attempted to challenge the type of methamphetamine involved in the offense, it would have had no effect on Harrig's sentence. We also agree, therefore, with the district court that Harrig's counsel's professional performance was not ineffective. See id. Accordingly, the district court's denial of Harrig's Section 2255 motion is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3