139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom REVEILLE, Plaintiff-Appellant,
v.
County of Santa Cruz; City of Santa Cruz; TCI Cablevision
of Santa Cruz County, a California corporation; Credit
Bureau of Santa Cruz; Black Company; Blue Company; White
Company, Defendants-Appellees.
 No. 96-17231.
D.C. No. CV-96-20334-RMW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before PREGERSON, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tom Reveille, a cable television subscriber, appeals the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S .C. § 1983 action alleging that defendants violated his First and Fourteenth Amendment rights by conspiring to pass through certain taxes and fees to Reveille. Reveille also alleged state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.
 
 
 3
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal. See Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997). This court may affirm the district court's dismissal for failure to state a claim on any basis fairly supported by the record. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996). A district court's decision whether to retain jurisdiction over supplemental claims when the original federal claims are dismissed is reviewed for an abuse of discretion. See Inland Empire Chapter of Associated Gen. Contractors v. Dear, 77 F.3d 296, 299 (9th Cir.1996).
 
 
 4
 The district court did not err by dismissing Reveille's constitutional claims as barred by California's one-year statute of limitations. See Cal.Civ.Proc.Code § 340(3); Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993) (applying California's one-year statute of limitations for personal injury actions to section 1983 claims). Even if Reveille's claims were timely, the district court did not err by dismissing them. See Leathers v. Medlock, 499 U.S. 439, 444, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991) (holding that a generally applicable sales tax on cable television services does not violate the First Amendment where the tax was not content based).
 
 
 5
 The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Reveille's defamation claim. See Inland Empire Chapter of Associated Gen. Contractors, 77 F.3d at 299. However, we conclude that the district court abused its discretion by dismissing two of Reveille's state law claims with prejudice. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); see also Dezell v. Day Island Yacht Club, 796 F.2d 324, 329 (9th Cir.1986). Accordingly, we vacate the judgment and remand with instructions to modify the judgment to dismiss Reveille's state law claims without prejudice. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir.1994).
 
 
 6
 AFFIRMED in part; VACATED and REMANDED in part.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Reveille invokes his Sixth Amendment right to counsel, we note that there is no general constitutional right to counsel in civil cases. See United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir.1996)