**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMY LUI,

               Petitioner - Appellant,

   v.

COMMISSIONER OF INTERNAL
REVENUE,

               Respondent - Appellee.

No. 09-70849

Tax Ct. No. 18883-07

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

    Jimmy Lui appeals pro se from the Tax Court's decision, after a bench trial,

upholding the Commissioner of Internal Revenue's determination of a deficiency

for tax year 2003.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review

de novo the Tax Court's legal conclusions and review for clear error its factual

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008).  We affirm.

In sustaining the deficiency determination, the Tax Court did not clearly err by finding that Lui received approximately $44,000 in wages in 2003.  The Tax Court properly rejected Lui's frivolous argument that his wages were not taxable income.  *See Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) (per curiam).

The Tax Court did not abuse its discretion by refusing to allow Jim Mattatall to assist Lui during the trial because Mattatall was not an attorney and there was no evidence that he was admitted to appear before the Tax Court.  *See* Tax Ct. R. 24(a)(4) & 200 (governing admission of nonattorneys in tax court); *see also Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (standard of review).

Lui's remaining contentions, including his constitutional challenges, are unpersuasive.  *See*, *e.g.*, *Louis v. Comm'r*, 170 F.3d 1232, 1234-36 (9th Cir. 1999) (per curiam) (the Sixth Amendment does not apply to civil tax proceedings); *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) ("there is generally no constitutional right to counsel in civil cases").

We do not consider Lui's challenge to the Tax Court's imposition of a penalty under 26 U.S.C. § 6673(a) because it is raised for the first time in his reply

09-70849

brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

**AFFIRMED.**