**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK SANCHEZ, an individual, | No. 13-16284 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01586-DGC |
| v. | |
| UNITED PARCEL SERVICE INC., a corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 4, 2015[**]
San Francisco, California

Before: D.W. NELSON, CANBY, and NOONAN, Circuit Judges.

Mark Sanchez appeals the district court's grant of summary judgment on his

discrimination and failure to accommodate claims against UPS under the

Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to provide counsel during the trial of his ADA retaliation claim. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

Sanchez's brief to this court makes nineteen bare assertions that are not supported by references to facts or law. Appellate review is appropriate only of issues that are argued "specifically and distinctly" in an appellant's opening brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). However, because Sanchez is proceeding as a pro se litigant, we exercise our discretion to reach the merits of Sanchez's first three claims. *See Lim v. I.N.S.*, 224 F.3d 929, 934 (9th Cir. 2000).

Sanchez claims UPS had "undue corporate advantage" over him during the litigation of his claims. This is not a cognizable legal claim.

Sanchez states he had "no courtroom protection," and requests this court appoint a team of attorneys to assist in litigating his case. There is no general constitutional right to legal counsel for civil litigants. *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). The decision to appoint counsel for civil litigants is left to the district court's discretion. *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (per curiam). Following the withdrawal of his attorneys, Sanchez never formally requested the district court appoint counsel. Thus, the district court did not abuse its discretion by not appointing counsel.

Sanchez states that a "factual dispute prevented summary judgment," without stating what fact or facts were in dispute. Construing Sanchez's bare assertions to argue that UPS violated the ADA by failing to provide a reasonable accommodation for his shoulder injury, the district court did not err by granting summary judgment for UPS. To invoke the protection of the ADA, a claimant must be "a qualified individual" with a disability. 42 U.S.C. § 12112(a). Sanchez claimed he was disabled because his shoulder injury limited his ability to sleep and to lift. Sanchez testified in his deposition that although his shoulder injury prevented him from sleeping on his left side without pain, he was able to sleep on his right side and back. Sanchez's physicians limited him to lifting no more than 25 pounds. Neither of these limitations substantially impaired Sanchez's ability to perform the major life activities of sleeping and lifting. *See Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1060 (finding plaintiff's declaration of "great difficulty sleeping at night," supported by specific factual allegations of extensive limitations, sufficient to raise a genuine issue of material fact); *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540 (9th Cir. 1997) (per curiam) (finding that lifting restriction of 25 pounds did not substantially impair major life activity of lifting), *superseded on other grounds by statute*, ADA Amendment Act of 2008, Pub. L. No. 110-325.

Liberally construing Sanchez's bare assertions to include a claim that he was substantially impaired in the life activity of working, we find the district court did not err by granting summary judgment for UPS. Sanchez alleged that between 2002 and 2006 UPS failed to engage in the interactive process required by the ADA. Because these alleged failures occurred prior to the January 1, 2009, effective date of the ADA Amendment Act of 2008 (ADAAA), pre-amendment law applies. *See Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) (per curiam). Prior to the ADAAA, an individual was required to demonstrate he was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs" in order to be considered disabled. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794-95 (9th Cir. 2001) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). Sanchez presented no evidence that he was unable to perform any jobs other than that of Feeder Driver. Having failed to present evidence he was unable to perform a class of jobs or a broad range of jobs, Sanchez has not proven that he had a disability under the pre-amendment ADA.

AFFIRMED.