NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXINE SHERARD, an individual, | No. 14-56758 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-02854-L-MDD |
| v. | |
| EDWARD KETCHAM, as an individual, and in his official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Maxine Sherard appeals pro se from the district court's judgment following

a jury verdict for defendants in her 42 U.S.C. § 1983 action alleging constitutional

and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plain error a challenge to jury instructions absent a timely objection in the district court. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016-19 (9th Cir. 2014) (en banc). We affirm.

A review of the trial transcripts – which are available on the district court docket – indicates that Sherard's trial counsel failed to object to the jury instructions regarding qualified immunity. Those instructions were not plainly erroneous because the instructions correctly stated the applicable legal standard. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) ("Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted."); *C.B.*, 769 F.3d at 1016-19.

Sherard has not established that the district court committed plain error by failing to define terms such as landlord, tenant, and eviction. *See C.B.*, 769 F.3d at 1016-19.

Sherard's claim that her trial counsel was constitutionally ineffective fails because "it is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996).

We reject Sherard's contention that her trial counsel failed to submit a witness list because counsel did in fact submit a witness list.

**AFFIRMED.**