**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAY J. JOHN,

                Plaintiff-Appellant,

v.

QUALITY LOAN SERVICE CORP OF
WASHINGTON,

                Defendant,

 and

DEUTSCHE BANK NATIONAL TRUST
COMPANY; NATIONSTAR
MORTGAGE LLC, DBA Mr. Cooper,

                Defendants-Appellees.

No.   20-35843

DC No. 4:20-cv-05008-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Submitted September 1, 2021[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:     HAWKINS, TASHIMA, and McKEOWN, Circuit Judges.

Plaintiff-Appellant Jay John appeals the order of the district court denying in part the motion by his attorney, Scott Stafne, to withdraw as John's attorney or in the alternative to "delay the briefing related to Defendants' motion to dismiss until such time as Stafne can recoup from the impact of the Covid-19 pandemic on his ability to practice law."  We have jurisdiction under 28 U.S.C. § 1291, we review for an abuse of discretion, *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998), and we affirm.

**1.**     The district court did not violate the principle of party presentation. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (explaining that under the principle of party presentation "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present" (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008))).  The district court decided only the issues Stafne raised and did not reach claims, issues, or theories that the parties themselves did not present.  In addition, the district court had the authority to rule on Stafne's motion without waiting for Defendants to file a response.

**2.**    We reject John's contention that the district court failed to consider Stafne's "personal situation" and the State's Covid-19 orders.  First, there is nothing in the record to suggest that the court failed to consider Stafne's contentions, and we assume that the court did so.  Second, the district court was not required to reject Stafne's factual contentions on the record.  *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.").  Third, district courts are not required to state on the record their reasons for rejecting every argument made by a moving party in support of a motion.  *E.g.*, *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).

**3.**    Although John argues that the district court lacked the constitutional authority to order Stafne to work in contravention of the State's public health orders, John has not shown any conflict between the State's orders and the district court's order.  The State's orders required Washington residents to stay at home, but included an exception for essential workers, including "[p]rofessional services, such as legal or accounting and tax preparation services, when necessary to assist in compliance with legally mandated activities and critical sector services."  Office of the Governor, Proclamation 20-25, at p.3 & Appendix, at p. 11 (Mar. 23, 2020).

**4.** The district court did not deny John his right to counsel. First, there is no general right to counsel in civil cases. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011); *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Second, the *in forma pauperis* statute upon which Stafne relies, 28 U.S.C. § 1915(e)(1), does not apply here. Third, even if § 1915 applied, this case did not present exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel . . . 'is granted only in exceptional circumstances.'" (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989))).

**5.** The district court did not deny John due process by ruling on Defendants' motion to dismiss without affording him an opportunity to oppose the motion. The court afforded John an opportunity to respond (even granting an extension of time), but he failed to avail himself of that opportunity.

• ● •

In sum, we hold that the district court did not abuse its discretion by denying Stafne's motion. Stafne failed to establish good cause to withdraw as counsel or delay the proceedings indefinitely. **AFFIRMED.**[1]

---

[1] Because we affirm, we need not address John's argument that this case should be reassigned to a different judge on remand.